UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:17-CV-00124-TBR

SECURITY SEED AND CHEMICAL, INC.,                                    PLAINTIFF

v.

MANNING FARMS, LLC, *et. al.*,                                       DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff Security Seed and Chemical, Inc.'s motion for leave to file an amended complaint. [DN 13.] Defendants Manning Farms, LLC, Anthony Lynn Manning, and Teresa Gail Manning responded, [DN 14], and Plaintiff replied, [DN 15.] Fully briefed, this matter is ripe for decision. For the reasons discussed fully below, Plaintiff's motion is **GRANTED**.

BACKGROUND

This case arises out of loans made by Security Seed and Chemical, Inc. ("Security Seed") to Defendants Manning Farms, LLC, Anthony Lynn Manning, and Teresa Gail Manning ("Defendants") to enable Defendants to purchase farm inputs from Security Seed for use on Defendants' farm in Marshall County, Kentucky. [DN 1 at 2–3.] Security Seed brings the instant action alleging that Defendants "are indebted to the Plaintiff for all outstanding amounts due on two lines of credit and on a direct account payable." [*Id.* at 3.] Security Seed seeks to recover all amounts due to it under the loans, prejudgment and post-judgment interest, and immediate possession of any remaining collateral. [*Id.* at 8.] In the instant motion, Security Seed requests leave to file an amended complaint, [DN 13], which Defendants oppose. [DN 14.]

DISCUSSION

In its motion for leave to file an amended complaint, Security Seed contends that, while Defendants indicated in their discovery responses that they would only be selling any 2017 crops at a location in Ledbetter, KY, Security Seed has since learned that "the Defendants instead have continued to sell crops at different locations and in the names of various third-parties in order to avoid the Plaintiff's perfected security interest." [DN 13 at 2.] Therefore, Security Seed "seeks to file an amended complaint joining additional defendants who received proceeds from the crops in which the Plaintiff has a valid first security interest and to assert any claims against them for conversion of the crop proceeds in which the Plaintiff's hold the first security interest, along with any other applicable claims." [*Id.* at 3.] Security Seed requests permission to file its amended complaint twenty days after Defendants respond to certain discovery requests, due on January 9, 2017, which are expected to provide "complete records to account for where the crop money has been diverted, which will allow the Plaintiff to ascertain those additional defendants who are in possession of proceeds that rightfully belong to the Plaintiff." [*Id.*]

In response, Defendants contend that Security Seed's "[m]otion to file an amended Complaint is premature and based on partial discovery that fails to reveal the complete facts in regard to crop sales." [DN 14 at 2.] In detail, Defendants contend that Security Seed "has concluded that Defendant . . . sold crops liened through a nondisclosed third party buyer," but that this "conclusion comes from subpoenas served on" entities other than Defendants. [*Id.*] Therefore, according to Defendants, "[p]rior to joining unrelated third parties . . . Plaintiff should be required to seek discovery from Defendants as to why unrelated third party buyers paid unrelated third parties for crops when such buyers would have been aware of such liens claimed

by" Security Seed. [*Id.*] Defendants also assert that "no determination of priority as between competing lienholders have been made at this time." [*Id.* at 1.]

In its reply, Security Seed points out that it cannot "adjudicate any unresolved priority disputes without amending the complaint in order to add those additional parties who may claim an interest in the collateral." [DN 15 at 2.] The Court agrees with this argument. Moreover, Defendants appear to misunderstand the standard for filing an amended complaint. Under Rule 15(a)(2), "a party may amend its pleading only with . . . the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In determining whether the interests of justice support a grant of leave to amend, courts consider several factors, including "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, or futility of the amendment." *Brumbalough v. Camelot Care Ctrs., Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005) (citing *Coe v. Bell*, 161 F.3d 320, 341–42 (6th Cir. 1998)); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). "The grant or denial of leave to amend is within the discretion of the trial court, and review is for abuse of discretion." *Sec. Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1008 (6th Cir. 1995) (citing *Roth Steel Prods. v. Sharon Steel Corp.,* 705 F.2d 134, 155 (6th Cir. 1983)).

Here, Defendants have not argued any undue delay, lack of notice, bad faith, previous failures to cure deficiencies in the complaint, undue prejudice, or futility of amendment. [*See* DN 14.] Moreover, Defendants have not cited any case law, and the Court can find none, in which courts have required a plaintiff to conduct discovery prior to amending its complaint to determine whether the addition of new parties is necessary. That being said, here, Security Seed requests to file its amended complaint only *after* it receives outstanding discovery requests back

3

from Defendants. [DN 13 at 3.] Therefore, Security Seed *will* have conducted additional discovery prior to adding new parties in its amended complaint. Of course, should it turn out that the added parties do not have any interest in any of the collateral at issue in this case, they will be free to raise that argument in a Rule 12(b)(6) motion to dismiss for failure to state a claim.

CONCLUSION

For the reasons explained herein, Security Seed's motion for leave to file an amended complaint, [DN 13], is **GRANTED**.

**IT IS SO ORDERED**.

Date:

cc: counsel