UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:17-CV-00124-TBR

SECURITY SEED AND CHEMICAL, INC.,                                    PLAINTIFF

v.

MANNING FARMS, LLC, *et al.*,                                        DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Plaintiff Security Seed and Chemical, Inc.'s motion for partial summary judgment, [DN 23.] Defendants, Manning Farms, LLC, Anthony Lynn Manning, and Teresa Gail Manning, filed a response, [DN 25], and Plaintiff replied, [DN 26.] Fully briefed, this matter is now ripe for adjudication. For the reasons explained in detail below, Plaintiff's motion for partial summary judgment is **GRANTED**.

BACKGROUND

The following facts, taken from Plaintiff's Amended Complaint, are not disputed. Defendants Manning Farms, LLC, Anthony Lynn Manning, and Teresa Gail Manning, (collectively, "Defendants"), "are agricultural producers who raise crops in the vicinity of Calloway County, Kentucky." [DN 27 at 3 (Amended Complaint).] Plaintiff Security Seed and Chemical, Inc. ("Security Seed") "is in the business of selling farming inputs to agricultural producers, such as seed, fertilizer, and pest control products." [*Id.*] "In connection with their agricultural business, the Manning-Defendants have obtained financing in order to purchase inputs from the Plaintiff. The Manning-Defendants have become indebted on multiple lines of credit and have failed to repay the indebtedness in accordance with the applicable loan documents or account terms." [*Id.* at 3–4.] Security Seed brought the instant lawsuit alleging that "the Manning-Defendants are indebted to the Plaintiff for all outstanding amounts due on a line

1

of credit." [*Id.* at 4.] Currently before the Court is Security Seed's motion for partial summary judgment. [*See* DN 23.]

STANDARD

Summary judgment is appropriate when the record, viewed in the light most favorable to the nonmoving party, reveals "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists where "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The Court "may not make credibility determinations nor weigh the evidence when determining whether an issue of fact remains for trial." *Laster v. City of Kalamazoo*, 746 F.3d 714, 726 (6th Cir. 2014) (citing *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001); *Ahlers v. Schebil*, 188 F.3d 365, 369 (6th Cir. 1999)). "The ultimate question is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Back v. Nestlé USA, Inc.*, 694 F.3d 571, 575 (6th Cir. 2012) (quoting *Anderson*, 477 U.S. at 251–52).

The moving party must shoulder the burden of showing the absence of a genuine dispute of material fact as to at least one essential element of the nonmovant's claim or defense. Fed. R. Civ. P. 56(c); *see also Laster*, 746 F.3d at 726 (citing *Celotex*, 477 U.S. at 324). Assuming the moving party satisfies its burden of production, the nonmovant "must—by deposition, answers to interrogatories, affidavits, and admissions on file—show specific facts that reveal a genuine issue for trial." *Laster*, 746 F.3d at 726 (citing *Celotex*, 477 U.S. at 324). "[N]ot every issue of fact or conflicting inference presents a genuine issue of material fact." *Street v. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). The test is "whether the party bearing the burden of proof has

presented a jury question as to each element in the case." *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). Nor will mere speculation suffice to defeat a motion for summary judgment: "[t]he mere existence of a colorable factual dispute will not defeat a properly supported motion for summary judgment. A genuine dispute between the parties on an issue of material fact must exist to render summary judgment inappropriate." *Monette v. Elec. Data Sys. Corp.*, 90 F.3d 1173, 1177 (6th Cir. 1996).

## DISCUSSION

According to Security Seed, Defendants' "indebtedness arises from separate 'Sekure Finance' and 'AgQuest' lines of credit and also an 'open account' due for products sold by the Plaintiff." [DN 23 at 2.] However, "[s]ince this lawsuit was filed, the Defendants have paid the 'AgQuest' debt and the 'open account' out of the proceeds of their 2017 crops." [*Id.*] Accordingly, Plaintiff currently move for partial summary judgment, alleging that "[t]he remaining loan is the Sekure Finance Loan (Count I), which is still outstanding and presently due to the Plaintiff. Therefore, the Plaintiff is entitled to a summary judgment for the, remaining balance of the Sekure Finance Loan, along with all interest, expenses and costs in accordance with the terms of the promissory note." [*Id.*]

To effectuate the Sekure Finance Loan, "each of the Defendants admit they signed the Sekure Finance Note." [*Id.*] "After the loan was approved, nine (9) advances were made on the Sekure Finance Loan during the 2016 growing season for a total amount of $750,300.00 . . . After the Defendants completed harvest in fall 2016, they failed to repay Security Seed by the loan maturity date of February 1, 2017." [*Id.* at 3 (internal citations omitted).] Eventually, Security Seed "received four (4) separate checks from ADM Grain which constitute proceeds from the sale of crops grown by the Defendants in 2017. The total amount of the four (4)

payments was $608,625.44. As a result of these payments, the amounts due on Counts II and III were repaid in full." [*Id.*] Security seed applied the remaining funds "to the interest due on the Sekure Finance Loan along with the legal fees and costs incurred." [*Id.*] At the time Security Seed filed the instant motion, it stated that, "[a]fter application of the forgoing payments, the remaining funds of $340,526.33 were applied toward the principal balance of the Sekure Finance Loan, leaving a remaining principal balance of $409,773.67." [*Id.*]

In response, Defendants state that "they are not able to assert in good faith any valid defenses of which they are aware, which would require the Court to deny Plaintiff's Motion for partial summary judgment." [DN 25 at 1.] In other words, Defendants do not dispute their indebtedness to Plaintiff. However, Defendants do "request the Court to require a more detailed accounting of the calculation of the interest accrued and claimed by Plaintiff, and a more detailed accounting of the attorney's fees and costs claimed by Plaintiff." [*Id.*]

In its reply, Security Seed offers a detailed "explanation regarding the $62,904.01 of interest previously charged on the Sekure Finance Loan (Count I) and the $29,402.40 previously charged for legal fees and costs." [DN 26 at 2.] Security Seed attached all Sekure Finance monthly finance statements which "reflect the interest rate and amount of interest accruing on the loan." [*Id.*] Security Seed further explained:

> After April 14, 2017, the loan was only carried by Security Seed instead of Sekure Finance. The existing interest rate of 5.25% was charged by Security Seed from April 14, 2017 – February 26, 2018, calculated at the daily rate of $109.42875 ($750,300.00 * 0.0525 = 39,390.75 / 360 = $109.41875). This daily rate figure was multiplied by the 293 days from April 14, 2017 – February 26, 2018, to arrive at $32,059.69 ($109.41875 * 293 = $32,059.69).
>
> Based on the foregoing (*i.e.* the $30,844.32 in interest carried by Sekure Finance through April 14, 2017 and $32,059.69 in interest charged by Security Seed), from the payments received by Security Seed on March 6, 2018, Security Seed applied a total of $62,904.01 toward the then outstanding interest due from the Defendants.

4

[*Id.* at 2–3.]

With regard to the legal fees and costs of $29,402.50, Plaintiff states as follows in their reply:

> Since the Plaintiff's legal fees and costs will only continue to increase until the Defendants repay the entire debt, there is a practical solution to the Defendants' concerns over the "reasonableness" of the legal fees and costs. The Plaintiff is agreeable to crediting the Defendants with the $29,402.50 that was previously charged to legal fees/cost, with a reservation of its right to seek this amount (along with all other legal fees) at the conclusion of the lawsuit or by a subsequently filed motion. This way, the Court does not have to address the "reasonableness" of the claimed legal fees on two separate occasions.
>
> With the $29,402.50 credited back to principal, the Defendants' are credited with $369,928.83 as payments toward principal (i.e. the $340,526.33 previous credited plus $29,402.50). Therefore, the Defendants' remaining principal balance was $380,371.17, as of March 6, 2018. With subsequently accrued interest at 5.25%, the recalculated amount due on Count I is itemized as follows:
>
> > COUNT I – Sekure Finance Note
> >
> > Principal $ 380,371.17
> >
> > Interest (as of 06/21/2018) $ 5,935.29
> > *(per diem: $55.47)*
> >
> > Add. Legal Fees/Court Costs $ TBD
>
> **TOTAL AMOUNT $ 386,306.46**

[DN 26 at 3.]

"[A] plaintiff note-holder seeking judgment on a promissory note can win summary judgment on a showing that the defendant debtor executed and defaulted on the note." *Hutson, Inc. v. Windsor*, No. 5:12-CV-00191-TBR, 2014 WL 5782541, at *2 (W.D. Ky. Nov. 6, 2014) (quoting *Publishers Press, Inc. v. Montage Media Corp.,* 2011 WL 4587568 at *2 (W.D. Ky. Sept. 30, 2011)). As the Court noted above, Defendants do not dispute that they entered into and

defaulted on the Sekure Finance Note. Accordingly, Plaintiff is entitled to summary judgment on this claim.

During the telephonic status conference held on August 20, 2018, the Court advised the parties that it would use Plaintiff's above-proposed method of calculating the amount Defendants owe and allow Plaintiff to seek its fees and costs at the conclusion of the litigation rather than at this time. The parties advised that this was acceptable. Accordingly, the Court grants Plaintiffs' motion for partial summary judgment on Count 1 of its complaint, [DN 23], and awards damages in the amount of $389,690.13. This figure represents the principal amount of $380,371.17 added to the current accrued interest amount as of August 21, 2018, which is $9,318.96 ($55.47 x 168 days).[1]

CONCLUSION

For the reasons explained in detail above, Plaintiff's motion for partial summary judgment on Count 1 of its complaint, [DN 23], is **GRANTED**. The Court awards Plaintiff a judgment in the amount of $389,690.13.

**IT IS SO ORDERED**.

Date:

cc:     Counsel

---

[1] There are 168 days in between 3/07/2018 and 8/22/2018.